UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA A.,<br><br>            Plaintiff,<br><br>     v.<br><br>NANCY A. BERRYHILL,<br>ACTING COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>            Defendant. | Case No. ED CV 17-2295-PJW<br><br>MEMORANDUM OPINION AND ORDER |

I.

INTRODUCTION

    Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her application for Supplemental Security Income ("SSI"). She claims that the Administrative Law Judge ("ALJ") erred when he found that her testimony was not credible. For the reasons discussed below, the ALJ's decision is affirmed.

II.

SUMMARY OF PROCEEDINGS

    In November 2008, Plaintiff applied for SSI, alleging that she had been disabled since August 2006, due to bipolar disorder,

depression, anxiety, and obsessive-compulsive disorder. (Administrative Record ("AR") 124, 125, 579-82.)  Her application was denied initially and on reconsideration and she requested and was granted a hearing before an ALJ.  In June 2010, she appeared with counsel and testified at the hearing.  (AR 24-57.)  In August 2010, the ALJ issued a decision denying benefits.  (AR 7-20.)  Plaintiff sought review by the Appeals Council, but her request was denied.  (AR 1-3.)  Thereafter, she commenced an action in this court.

In 2012, the Court remanded the case to the Agency to reconsider the opinion of examining psychiatrist Ernest Bagner.  On remand, a different ALJ held a hearing in January 2013 and subsequently issued a decision denying benefits.  (AR 376-415, 470-85.)  Plaintiff then filed a second action in this court.  The parties subsequently stipulated to a remand because the Agency was unable to find the transcript from the January 2013 administrative hearing.  (AR 468.)

On February 12, 2014, a third ALJ held a hearing.  (AR 333-75.) On March 27, 2014, he issued a decision denying benefits.  (AR 313-26.)  Plaintiff once again appealed to this court.  In 2015, the Court remanded the case to the Agency to reconsider Plaintiff's testimony; consider the testimony of Plaintiff's husband; and, depending on the credibility analysis, reassess the opinion of Dr. Bagner.  (AR 843-50.)  On remand, a fourth ALJ held a hearing and concluded that Plaintiff was not disabled.  (AR 741-54, 762-816.)  Plaintiff then filed the instant action.

### III.
### ANALYSIS

Plaintiff maintains that the fourth ALJ, like the previous three, failed to properly consider her testimony.  (Joint Stip. at 8-12.)

She complains that the ALJ did not explain which parts of her testimony were unbelievable and why. She argues that the ALJ simply regurgitated the same generalities for questioning her testimony that the other ALJs had used, which the Court had previously rejected. (Joint Stip. at 10-11.) For the following reasons, the Court concludes that the ALJ's reasons for questioning Plaintiff's testimony were specific and grounded in the evidence.

    The sum and substance of Plaintiff's statements and testimony to the Agency over the last decade during which she pursued benefits in this case was that her anxiety prevented her from leaving her house, precluding her from working outside the home. In December 2008, she submitted a function report in which she explained that she suffered from anxiety and fearfulness around people and did not like to go far from home. (AR 140, 144, 146.) At the administrative hearings in 2010, 2013, 2014, and 2017, she testified that she could not work because, among other things, she suffered from severe anxiety when she was around people.[1] (AR 29, 348-49, 380, 766.) In January 2013, she claimed that she could not leave her house because, when she did, she experienced panic attacks and could not breathe. (AR 383-84, 387.) At the February 2014 hearing, she explained that on "bad" days--which outnumbered "good days"--she was so depressed that she could not go outside. (AR 352-53.) At the June 2017 hearing, she testified that she could not work, due primarily to anxiety, fear, and auditory and visual hallucinations. (AR 803.) She explained that she had been "pushing" herself to go out in public but had suffered a setback two

---

    [1] Apparently, the Agency located the transcript from the 2013 administrative hearing that could not be found when Plaintiff appealed from the 2013 decision. (AR 376-415.)

3

days earlier when she witnessed a shooting in a store parking lot. (AR 767-68.) She explained that, when she did venture out, she went on walks in a park "that's a ways away from people." (AR 768.)

The ALJ did not believe Plaintiff's testimony that her anxiety was so severe that it essentially prevented her from leaving her home. He based this finding on the fact that: (1) her testimony was inconsistent with the objective medical evidence; (2) her treatment was effective; and (3) her daily activities suggested that she could work. (AR 746-53.)

Generally speaking, these are valid reasons for questioning a claimant's testimony. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (noting ALJ can consider objective medical evidence in evaluating claimant's credibility); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for purposes of determining eligibility for SSI benefits.") (citations omitted)); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (holding ALJ can consider claimant's ability to perform daily activities in assessing his credibility). And, as explained below, for the most part, they are supported by the record.

The objective medical evidence did not support Plaintiff's claim of debilitating anxiety when she left her house. As the ALJ noted at pages six and seven of his decision with citations to the medical record (AR 746-47), Plaintiff regularly went to doctors' appointments and none of her doctors reported that she was suffering from (or reported to be suffering from) extreme anxiety or panic attacks. (AR 172-208, 242-44, 246-71, 623-35, 647-714, 1004-54.) Instead, she generally reported to them that she was in good health and they

4

generally agreed. (AR 173, 242, 649, 662-63, 676-77, 697, 702-03, 705-06, 713-14, 721, 723-27, 1004-05, 1012-13, 1020-23, 1026-54.) In the vast majority of the medical charts over the years, her doctors noted: "She remarks that health is generally good." (AR 1022.) And they reported: "Psychiatric: Patient has appropriate judgement. Patient has good insight. Patient's mood is euthymic. Appropriate affection is observed." (AR 1023.) They never reported that she was experiencing extreme anxiety or panic attacks and could not breathe. Thus, as the ALJ found, Plaintiff's testimony that she could not leave her home because of anxiety and panic attacks was undermined by her numerous statements to her doctors and by their observations of her during this period. This was compelling evidence that Plaintiff's claims were exaggerated.

The ALJ also relied on the fact that Plaintiff was able to leave her home to go to church, go camping and hiking, and attend her children's sporting events, dance lessons, and school functions. (AR 746-47.) This finding, too, was supported by the record, (AR 36-37, 50, 391-92, 750, 768, 778, 809, 1067), and it also undermines Plaintiff's claim that her anxiety prevented her from leaving her home.[2]

---

[2] The Court recognizes that Plaintiff testified that she went camping "nearby," went hiking "a ways away from people," and was able to attend her children's school functions because they were in a familiar setting. (AR 768, 809, 1067.) The ALJ's finding that this testimony suggested a greater ability than Plaintiff admitted to was rational in light of the evidence as a whole. As such, it is entitled to deference. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (explaining court must uphold ALJ's finding where evidence is susceptible to more than one rational interpretation).

Plaintiff points out that the lack of objective evidence alone is not enough to reject her testimony, citing *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991). (Joint Stip. at 10-11.) Though that is true, the ALJ did not rely solely on the lack of objective medical evidence. He also relied on the fact that Plaintiff's treatment effectively controlled her condition. (AR 749, 752.) This is another valid reason for discounting her testimony, *see Williams v. Berryhill*, 2017 WL 1902143, at *8 (C.D. Cal. May 9, 2017) ("Evidence that treatment can effectively control a claimant's symptoms may be a clear and convincing reason to find a claimant less credible."), and is supported by the record. (AR 274-75, 297-312, 596-622, 1056-85.) As the testifying expert made clear, the medical records showed that, though Plaintiff experienced occasional spikes in her symptoms, in general, her treatment, consisting of therapy and medication, effectively controlled her symptoms over the ten-year period in which her claim was pending. (AR 752, 775-79.)

The ALJ also questioned Plaintiff's testimony that her anxiety prevented her from working because she was able to dress and bathe herself, do household chores, manage money, drive, prepare meals, read, shop for groceries, care for her children (including taking them to and from school), go to church, go to school functions, hike, and camp. (AR 747.) ALJs are allowed to consider a claimant's daily activities in evaluating credibility. *Orn*, 495 F.3d at 639. But only some of Plaintiff's activities, i.e., those performed outside the home, like hiking, camping, and attending school functions, seem to have any bearing on her testimony that her anxiety prevented her from going out, and only marginally so. As for the other activities, those that she performed in her home, like bathing, dressing, and household

6

chores, the Court does not agree with the ALJ that Plaintiff's ability to perform them undermines her claim that she cannot work because she cannot leave the home. Nevertheless, even were the Court to ignore this justification for questioning Plaintiff's testimony, there is still enough there to uphold the ALJ's finding that Plaintiff was not credible. As such, his finding will be upheld. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (holding error is harmless if substantial evidence remains to support the ALJ's credibility finding).[3]

IV.

CONCLUSION

For the reasons set forth above, the Agency's decision that Plaintiff is not disabled is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: January 7, 2019

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\GEORGIA A, 2295\Memo Opinion.wpd

---

[3] Towards the end of her argument regarding the ALJ's credibility determination, Plaintiff mentions in passing, it seems, that the ALJ failed to address her husband's and her sister's testimony. (Joint Stipulation at 11.) To the extent that Plaintiff was attempting to raise this as a separate issue, she should have set it out in a separate section. Nevertheless, this claim is overruled because the ALJ addressed the husband's and the sister's testimony at page 748 and found it "unpersuasive." He noted, among other things, that their allegations were not supported by the medical evidence. (AR 748-53.) This is a valid reason for rejecting lay testimony and is supported by the record. *See, e.g., Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence.")

7